IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 14-cv-01968-GPG

OLOYEA D. WALLIN, a.k.a. DONALD OLOYEA WALLIN, a.k.a. OLOYEA WALLIN,

      Applicant,

v.

MICHAEL MILLER, Warden of Crowley County Correctional Facility, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

      Respondents.

---

## ORDER TO DISMISS IN PART AND FOR ANSWER

---

## I.  BACKGROUND

      Applicant currently is housed at the Williams Street Center in Denver, Colorado.

Applicant, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254, ECF No.1.  In an order entered on July 16, 2014, Magistrate Judge Boyd N.

Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under

28 U.S.C. § 2254(b)(1)(A) if Respondents intended to raise either or both of those affirmative

defenses in this action.

      Respondents filed their Pre-Answer Response, ECF No. 16, on September 3, 2014.  After

three requests for an extension of time by Applicant and a granting by the Court of the

extensions, Applicant filed a Reply, ECF No. 24, on December 9, 2014.  Magistrate Judge

Gordon P. Gallagher then determined that to complete initial review additional court records

were required and directed Respondents to provide the State Court Flat File in Case No.

03CR2296, which they did on January 14, 2015.

Applicant raises twenty-one claims in the Application.  The claims are as follows:

(1)     Fourteenth Amendment violation by trial court in admitting domestic
        violence expert testimony;

(2)     Fourteenth Amendment violation by trial court in admitting a recording of
        a telephone call;

3)      Due process and double jeopardy violation by trial court in denying
        presentence confinement credit;

4)      Fourteenth Amendment violation by trial court in admitting involuntary
        statements by victim;

5)      Constitutional violation by trial court in failing to exclude victim's trial
        testimony;

6)      Ineffective assistance of counsel in trial, appellate, and sentencing
        proceedings, including:

        Trial Counsel-

                i) admission of guilt on behalf of Applicant;

                ii) ineffective in closing arguments;

                iii) failure to obtain an expert witness;

                iv) failure to investigate and put prosecution's case
                to the test by attacking witnesses' credibility,
                objecting to evidence, and conducting discovery;

                v) failure to file for new trial;

                vi) failure to object to trial continuance;

                vii) intentional waiver of Applicant's presence at
                hearings;

                viii) failure to attack D.V. syndrome and recantation
                arguments;

                ix) failure to attack involuntary victim statements;

                x) failure to attack statements that violated
                physician-patient privilege;

xi) failure to attack abuse of subpoena powers;

xii) failure to attack insufficiency of evidence;

Appellate Counsel-

i) failure to raise arguments in direct appeal; and

Sentencing Counsel-

i) failure to challenge violent sentencing.

7) Right to a fair trial violated by trial court when allowed jury to hear victim suffered from D.V. syndrome;

8) Due process rights violated by trial court when prosecution advisory witness was allowed to testify last after other witnesses testified;

9) Prosecutorial Misconduct;

10) Due process and equal protection violation in the use of victim's confidential medical information that was subject to physician-patient privilege;

11) Due process and equal protection violation by trial court's abuse of subpoena powers;

12) Due process and equal protection violation by conviction with insufficiency of the evidence;

13) Due process and equal protection violation by inadequacies in jury activities, including *Batson* violation, lack of specific findings, failure to inform jury of circumstances of victim's testimony;

14) Due process and equal protection violation during the preliminary hearing due to prosecution's failure to establish probable cause;

15) Due process and equal protection violation by trial court in not dismissing the information/complaint for lack of probable cause;

16) Due process and equal protection violation by trial court in ordering a disproportionate sentence;

17) Colo. Rev. Stat. § 12-36-135 violates right to confidentiality and is unconstitutionally applied;

18)     Constitutional violations by trial court in the postconviction motion
        proceedings, including denial of hearing, appointment of counsel, and
        failure to vacate restraining order;

19)     Constitutional violations by trial judge's failure to recuse;

20)     Constitutional violations in information disclosed by witness when
        testifying; and

21)     Constitutional violations by appellate court when it refused to hear the
        amicus curiae brief and to properly review the postconviction motions and
        by trial court when it refused to issue any findings of fact and conclusions
        of law on any postconviction issues.

## II.  STANDARDS OF REVIEW

The Court must construe liberally the Application, Reply, and other pleadings, because

Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court does not act as

Plaintiff's advocate.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (citing

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

Respondents concede the action is timely but contend that only Claim Nineteen is

exhausted.  ECF No. 16 at 6 and 14.  Respondents further assert that Claim Two is unexhausted,

the remaining claims are defaulted, and Claims Eighteen and Twenty-One also fail to state a

cognizable federal habeas claim.  *Id.* at 14 and 25.  The Court will discuss each claim in turn as

follows.

## III.  PROCEDURAL STATUS OF CLAIMS

1. Claim One-Procedurally Defaulted

Respondents argue that Applicant failed to present this claim as a federal constitutional

issue and that any attempt to raise this claim would be denied as time barred, successive, and an

abuse of process.  *Id.* at 15.  Applicant, in a conclusory manner, states this claim was presented

adequately as a federal claim in state court.  ECF No. 24 at 1.

Upon review of Claim One, the Court finds that Applicant did fail to present this claim in state court as a federal constitutional violation.  Applicant stated twice in his brief on direct appeal that he was prejudiced by the domestic violence expert testimony, but he failed to cite to any United States Supreme Court authority.  See ECF No. 16-4, Ex. C, at 8-13.  Applicant relied only on Colorado state case law, which addressed state court rules of evidence, in developing his argument that the trial court erred in admitting the expert testimony, *id.*; and the CCA addressed only the state case law argument in finding no abuse of discretion by the trial court in admitting the testimony, ECF No. 16-6, Ex. E., at 6-10.  For state courts to act on, or correct, constitutional violations, Applicant must do more than just invoke magic words which may possibly be interpreted to raise a constitutional claim.  Applicant must assert legal theory that explains how the decisions of the state court violated the particular federal constitutional rights he claims were violated.  *See, e.g., Anderson v. Harless*, 459 U.S. 4, 7-8 (1982) (claim on direct appeal that jury instruction was reversible error did not fairly present due process challenge to instruction for habeas exhaustion purposes); *Picard v. Connor*, 404 U.S. 270, 276-77 (1971) (holding that habeas petitioner failed to fairly present federal claim to state court where, despite presenting all necessary facts, petitioner failed to assert specific argument that he later tried to raise in federal court); *see also Thomas v. Gibson*, 218 F.3d 1213, 1221 n. 6 (10th Cir. 2000) (holding that petitioner's general state court claim was insufficient to exhaust his later, more specific federal habeas claim).  Accordingly, Applicant has failed to exhaust state court remedies in Claim One.

With limited exceptions that are not applicable to this claim, the Colorado Rules of Criminal Procedure bar Applicant from raising a claim in a postconviction motion that could

have been raised on direct appeal, or that was already raised on postconviction appeal. *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that post-conviction review is not available to address under a recently contrived constitutional theory issues that were raised previously).

If it is obvious that an unexhausted claim would be procedurally barred in state court the claim is subject to an anticipatory procedural bar, *see Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (citation omitted), and is procedurally barred from federal habeas review, *Steele v. Young*, 11 F.3d 1518,1524 (10th Cir. 1993) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).  Plaintiff could have asserted the Fourteenth Amendment violation by trial court in admitting domestic violence expert testimony in his direct appeal, but because he failed to do so the claim is subject to an anticipatory procedural bar in state court and, therefore, barred from federal habeas review.

Applicant also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice.  Claim One, therefore, will be dismissed.

2. Claim Two-Exhausted

Respondents assert that Claim Two is not exhausted because Applicant raised this claim in his direct appeal but failed to petition the Colorado Supreme Court (CSC) for certiorari review when his conviction was affirmed on direct appeal.  Respondents acknowledge this Court has held that Colo. App. R. 51.1(a) obviates the need for habeas applicants to fairly present their

federal claims to the CSC to satisfy exhaustion, ECF No. 16 at 16-19, and that the Tenth Circuit has not ruled definitely on the exhaustion question.

Respondents, however, contend that because the Tenth Circuit has suggested it disagrees with the position taken in cases before this Court regarding Rule 51.1(a), *see Prendergast v. Clements*, 699 F.3d 1182, 1184 n.2 (10th Cir. 2012); *Vreeland v. Davis*, 543 F. App'x739 (10th Cir. 2013), Respondents do not concede this Court's obviation.  ECF No. 16 at 16-19.  Applicant states that Claim Two is exhausted because the claim did not have to be brought before the CSC. ECF No. 24 at 2.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. People*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal

7

constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

To exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Colorado law provides that

> [i]n all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1(a). In his concurring opinion in *O'Sullivan*, Justice Souter provides an example of when state supreme court review is unavailable. *O'Sullivan*, 526 U.S. at 849. The language Justice Souter quotes is taken from a South Carolina Supreme Court decision in *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (1990), and mirrors the language in Rule 51.1, in stating a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Respondents are correct that, in order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. If a state articulates that a certain avenue for relief is not

part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

Furthermore, four circuit courts have concluded that state rules similar to Colo. App. R. 51.1(a) eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-04 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 403-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).

The Court is not persuaded by Respondents' arguments to the contrary and does not find the Tenth Circuit's comments in *Prendergast*, 699 F.3d at 1184 n.2, nor the exhaustion discussion in *Vreeland*, 543 F. App'x 739 (certiorari review was pending), dispositive for finding that Applicant in this case must have presented Claim Two to the CSC. Therefore, the Court finds that review in the CSC is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the CCA. Claim Two, therefore, is exhausted.

3. Claim Three-Exhausted

Respondents argue that Claim Three was not fairly presented to the state courts and is not exhausted and now procedurally defaulted because Applicant failed to set forth any due process, double jeopardy, or extended and multiple punishment claims. Pre-Answer Resp. at 19-20. Respondents further assert that Applicant's arguments were insufficient to alert the CCA that he

was raising a federal constitutional claim because he made only fleeting and cursory references to due process and a fair trial in his opening brief on direct appeal.  *Id.* at 20.

The Court finds that, for the reasons stated above addressing Claim One, Applicant's due process and double jeopardy claims are barred from federal habeas review.  The Court does not agree that Applicant's equal protection claims are insufficient.

> A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004).  Applicant specifically asserted in his opening brief on direct appeal that denial of presentence confinement credit was an additional punishment for being poor and violated the equal protection clause of the state and federal constitutions, Pre-Answer Resp., ECF No. 16-4, Ex. C at 22, and the CCA addressed the equal protection claim, *id.*, ECF No. 16-6, Ex. E at 22.  Therefore, the equal protection claim in Claim Three was fairly presented to the state courts and is exhausted.

4.  Claims Four Through Seventeen and Twenty/Procedurally Defaulted

Respondents argue that these claims were denied by the state courts as successive under Colo. R. Crim. P. 35(c)(3) because they were, or could have been, raised in a previous proceeding.  ECF No. 16 at 23.  Applicant contends the CCA determined all these claims were successive even though the state district court did not find the claims successive.  ECF No. 24 at 2.  Applicant further contends that the CCA's decision is not one that is regularly followed.  *Id.* Applicant asserts that he filed a Rule 35(c) postconviction motion and a motion for a new trial that were pending at the same time but raised different claims due to the nature of each filing and that each filing was  addressed separately by the district court.  *Id.* at 2.  Applicant contends the

district court ruled on the motion for new trial and then denied the Rule 35(c) postconviction motion under the misunderstanding that the Applicant had filed a previous Rule 35(c) postconviction motion rather than a motion for a new trial. *Id.* at 2-3. Applicant further contends that the CCA then misconstrued the district court's ruling that the claims raised in the Rule 35(c) postconviction motion were successive and should have been raised in the motion for a new trial, which resulted in a decision by the CCA that is not regularly followed. *Id.* at 3. Applicant concludes the CCA ruling results in a miscarriage of justice.

The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions. See Colo. R. Crim. P. 35(c)(3)(VI) and (VII) (explaining that claims "raised and resolved" or "that could have been presented" in a prior appeal or post-conviction proceeding will generally be denied); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). Rule 35 proceedings prevent injustices after conviction and sentencing but do not provide perpetual review. *See People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996) (citing *People v. Hampton*, 528 P.2d 1311, 1312 (1974)).

The Tenth Circuit has held that Rule 35(c)(3)(VII) is an adequate and independent state ground for rejection of postconviction claims. *Burton v. Zavaras*, 340 F. App'x 453, 454-55 (10th Cir. 2009); *Williams v. Broaddus*, 331 F. App'x 560, 563 (10th Cir. 2009) (unpublished).

The Court has reviewed the CCA's opinion that affirmed the state district court's denial of Applicant's Rule 35(c) postconviction motion. ECF No. 1 at 44; *People of the State of Colorado v. Wallin*, No. 11CA0972 (Colo. App. Dec. 6, 2012). The CCA finds as follows:

> As a general principle, postconviction relief "is grounded upon constitutional principles. but does not afford any person the right to clog our

judicial machinery with repetitive post-conviction proceedings seeking relief on the same principles of law and the same factual claims." *People ex rel. Wyse v. Dist. Court*, 180 Colo. 88, 94, 503 P.2d 154, 157 (1972).  Thus, Crim. P. 35(c)(3)(VI) requires a court to "deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant," with exceptions not applicable here.  Similarly, a claim that, in the exercise of due diligence, could have been presented in a prior appeal or postconviction proceeding, must be dismissed.  Crim. P. 35(c)(3)(VII); *People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007).

In determining whether a claim was raised and resolved in a prior appeal or postconviction proceeding, we look to whether the new motion presents an argument that is premised on the same grounds as a previous appeal or postconviction proceeding.  *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996).  A claim can be premised on the same grounds as a previous claim, even where the factual or legal arguments of the two claims differ.  *Id.*  "In other words, identical grounds may often be proved by different factual allegations.  So also, identical grounds may often be supported by different legal arguments, or be couched in different language, or vary in immaterial respects."  *Sanders v. United States*, 373 U.S. 1, 16 (1963) (citations omitted).

Here, Wallin filed his motion for new trial approximately six months prior to filing his Crim. P. 35(c) motion.  The motion for new trial included numerous arguments that were similar to those presented in his Crim. P. 35(c) motion.  These arguments were based on alleged new evidence arising from statements made by Wallin's ex-wife in an amicus curiae brief filed in Wallin's first direct appeal. [footnote omitted].

In order to determine whether Wallin's Crim. P. 35(c) motion was successive to his motion for new trial, we must first determine whether Wallin's motion for new trial was a postconviction proceeding under Crim. P. 35(c)(3)(VI).  Regardless of whether Wallin brought the motion pursuant to Rule 33 or 35, we conclude that the motion qualifies as a postconviction proceeding for two reasons. [footnote omitted].  First, Wallin filed the motion over six years after his conviction and almost three years after the conviction was affirmed on direct appeal.  Second, the arguments in the motion constitute the type of arguments the legislature intended to be brought in postconviction proceedings.  *See* § 18-1-410(1)(e), C.R.S. 2012 (listing a claim based on evidence discovered after a judgment of conviction as a ground for a postconviction remedy).

Having decided that Wallin's motion for a new trial constitutes a postconviction proceeding, we examine whether the claims in Wallin's Crim. P. 35(c) motion were successive to those in his motion for new trial.

Wallin's Crim. P. 35(c) motion consisted of sixteen separate claims

labeled as follows: (1) involuntary statements, (2) recantation of statements, (3) domestic violence syndrome, (4) medical confidentiality, (5) abuse of subpoena powers, (6) trial testimony, (7) prosecutorial misconduct; (8) ineffective assistance of counsel, (9) insufficiency of the evidence, (10) sentencing violations, (11) statute and rules inapplicability, (12) failure to vacate restraining order timely, (13) failure to rescue, (14) jury issues, (15) preliminary hearing, and (16) information-complaint deficiencies.  All these claims were successive, as discussed below, because either their basic premise had already been argued in the motion for new trial, or they could have been brought in Wallin's previous appeal or postconviction proceeding.

### 1.  Claims 1-7

Claims 1-5 were premised wholly on Wallin's contention that the rights of the victim were violated during police questioning, and through the introduction of the fruits of that questioning.  The trial court previously rejected the premise of these claims when it denied Wallin's motion for new trial.  Specifically, the trial court concluded that the claims were without merit because they were premised on the rights of a third party rather than Wallin's own constitutional rights.  Accordingly, the court did not err in dismissing claims 1-5 as successive, without making additional findings of fact or law, because a ruling had already been made.  *See Rodriguez*, 914 P.2d at 249.

Claims 6 and 7 also contained arguments premised on the violation of the victim's rights.  Accordingly, these arguments were also successive.  The remaining arguments under claims 6 and 7 were also successive, because they were not premised on new evidence or law, and therefore, could have been raised on direct appeal.  *See People v. Wilson*, ---- P.3d ----, —- (Colo. App. No. 09CA1073, June 23, 2011) (*cert. granted*, Nov. 5, 2012).

### 2.  Claim 8

Claim 8 was successive for two reasons.  First, many of Wallin's ineffective assistance of counsel claims were premised on trial counsel's failure to act in relation to the violation of the victim's rights.  Accordingly, these claims were successive to the arguments made in Wallin's motion or new trial regarding the victim's rights.  *See generally People v. Villareal*, 231 P.3d 29, 33-34 (Colo. App. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)) (where an ineffective assistance of counsel claim is premised on failure to act in relation to an alleged error, which on an earlier appeal was found not ro require reversal, the claim automatically fails because it will not meet the *Strickland* test), *aff'd*, 2012 CO 64.

Second, all of Wallin's ineffective assistance of counsel claims are successive because they could have been brought in his motion for new trial.  *See generally Carmichael v. People*, 206 P.3d 800, 804-05 (Colo. 2009) (addressing

on the merits the trial court's denial of an ineffective assistance of counsel claim brought in a motion for new trial); *People v. Esquivel-Alaniz*, 985 P.2d 22, 25 (Colo. App. 1999) (Same).

However, Wallin asserts that Colorado law only allows ineffective assistance of counsel claims to be brought pursuant to Crim. P. 35(c), and therefore he could not have brought his claims in his motion for new trial. Contrary to Wallin's contention, however, ineffective assistance of counsel claims may be brought in a motion for new trial. *See e.g., Carmichael*, 206 P.3d at 804-05; *see generally People v. Vondra*, 240 P.3d 493, 494-95 (Colo. App. 2010) (where ineffective assistance of counsel claim was ruled on by the trial court in a Crim. P. 32(d) motion, claims of ineffective assistance of counsel in defendant's first Crim. P. 35(c) motion were successive).

Additionally, we note that Crim. P. 35(c)(3)(VIII) does not apply here. The rule provides that "the court shall not deny a postconviction claim of ineffective assistance of trial counsel on the ground that all or part of the claim could have been raised on direct appeal." Crim. P. 35(c)(c)(VIII). A motion for new trial is not a direct appeal, and therefore the rule does not apply. Further, "[t]he rationale of Crim. P. 35(c)(3)(VIII) is that ineffective assistance of counsel claims involve factual issues that should be resolved by the trial court and are thus not properly raised for the first time on direct appeal." *Vondra*, 240 P.3d at 495. Unlike a direct appeal, a motion for new trial presents the ineffective assistance of counsel claim to the trial court. Therefore, Wallin's ineffective assistance of counsel claims were properly denied as successive.

### 3. Claims 9-16

Claims 9-16 were successive because they could have been raised on direct appeal. *Wilson*, ---- P.3d ----. Wallin mistakenly contends, however, that because he did not preserve these issues at trial, they could not have been raised on direct appeal, and therefore, were properly brought pursuant to Crim P. 35(c). Although under the previous version of Crim. P. 35(c) claims that were not brought on direct appeal could be raised for the first time in a Crim. P. 35(c) motion, the current version of the rule precludes such an argument. *See Dunlap v. People*, 173 P.3d 1054, 1062 & n.4 (Colo. 2007) (allowing consideration of constitutional claim not raised on direct appeal under previous version of Crim. P. 35(c), but noting that the current version of the rule would require the claim to be

dismissed). However, in any event, the claims could have been raised in Wallin's motion for new trial. Accordingly, claims 9-16 were successive.

Because the claims in Wallin's Crim. P. 35(c) motion were successive, the trial court did not err by dismissing the motion without making further findings of fact and conclusions of law. The orders are affirmed.

ECF No. 1 at 51-59; *Wallin*, No. 11CA0972 at 7-14.

The Court has reviewed the motion for new trial that Applicant filed in the Arapahoe District Court on April 14, 2010, No. 03CR2296, Flat File at No. 563-65, and the Rule 35(c) postconviction motion that he filed on November 10, 2010, *id.* at 684-876. The motion for new trial does not state specifically under what state statute Applicant intends to file his request. *Id.* at 563-65. The new trial motion also only in part is based on newly discovered facts. *Id.* (Applicant asserts that the victim filed an amicus curiae brief in his direct appeal that included statements regarding her medical rights, being subpoena, trial testimony, vacating restraining order, victim's rights, and inaccurate medical evidence). Applicant identifies six separate arguments for a motion for new trial, only the first argument pertains to alleged newly discovered evidence. Some of the remaining five arguments, (para. 2 and 3), pertain to trial court error in admitting evidence that was a violation of the victim's right to medical privacy and confidentiality. *Id.* at 565. Applicant refers to "other errors in its rulings on the admissibility of evidence and the laws as may appear in the transcript," and to court error in allowing the district attorney to express his own personal beliefs. *Id.* Finally, Applicant asserts an insufficiency of the evidence that was presented at trial. *Id.*

The trial court on April 26, 2010, entered an order that found the court lacked jurisdiction to rule on the April 14, 2010 motion for new trial, because Applicant had an appeal pending in the criminal case and a mandate had not issued from the CCA. *Id.* at 650. The trial court discussed Rule 33(c) in the April 26 order but did not specifically construe the motion as filed pursuant to Rule 33. *Id.* Applicant filed a motion in the CCA seeking dismissal of his appeal, which was granted on September 7, 2010, and the mandate issued on October 28, 2010, dismissing the appeal. *Id.* at 658 and 672. Prior to the mandate issuing, on October 18, 2010,

Applicant filed an affidavit in support of new trial that like the original motion is not based completely on alleged newly discovered evidence and again does not indicate the statutory basis for the motion. *Id.* at 668.

The State then filed a response to the motion for new trial on November 3, 2010, and argued that it is unclear the legal basis for Applicant's request for new trial. *Id.* at 675. The State assumed that Applicant was filing the request pursuant to Rule 35(c)(3(II) and argued that the allegations did not assert any violation of state or constitutional law or allege new material facts or evidence that would warrant a new trial. *Id.* Without addressing the legal basis for the motion for new trial, on December 9, 2010, the trial court summarily denied the motion because Applicant had confused a defendant's rights afforded under the Constitution with the rights of a victim. *Id.* at 893.

The trial court then entered an order on April 8, 2011, as follows:

> Defendant has filed numerous motions for new trial, Crim P 35(b) and Crim P 35(c) relief and other motions requesting that this court reconsider previous rulings denying the requested relief. All such motions have been denied. This court now has a new Crim P 35(c) motion. There is no new argument in this motion. This motion is DENIED.

*Id.* at 911. After the April 8 order denying the Rule 35(c) motion, Applicant filed a motion requesting that the trial court enter an order that makes findings of fact and conclusions of law on each claim that is presented in the Rule 35(c) motion. *Id.* at 912. In this request for findings of fact and conclusions of law, Applicant contends that denying the Rule 35(c) motion based on other postjudgment motions, e.g., motion for new trial and Rule 35(b), does not justify the denial of an ineffective assistance of counsel claim and a prosecutorial misconduct claim. *Id.* at 913. Finally, in his May 23, 2011 notice of appeal, Applicant refers to each of the three "postconviction motions" that he filed on April 8, 17, and October 7, 2010. *Id.* at 913.

Applicant argues that regardless of the appellate court's decision, the trial court did not find the Rule 35(c) postconviction motion successive; therefore, the appellate court's decision is not "regularly followed."  Reply, ECF No. 24, at 2-3.

This Court finds that the trial court without doubt found the Rule 35(c) postconviction motion filed on November 10, 2010, was successive of the numerous motions Applicant had filed seeking new trial and relief pursuant to Rule 35(b) and (c).  Furthermore, Applicant concedes that each of the three filings were postconviction motions, and when proposed by the State in the November 3, 2010 response that because Applicant did not identify the legal basis for his motion for a new trial it should be assumed that the motion is properly asserted pursuant to Rule 35(c), Applicant did not reply and disagree with the State or subsequently identify the statutory basis for the new trial request as being anything other than a Rule 35(c) postconviction motion.

The Court further finds that the Rule 35(c) postconviction motion is more specific than the motion for new trial, but it is premised on the same issues presented in the new trial motion. *See Wallin*, No. 03CR2296, Flat File at No. 684-887.  Applicant raises at least nine claims in the Rule 35(c) motion, which contain multiple subclaims that are based on the issues he raised in the new trial motion: (1) involuntary statements by the victim; (2) victims' medical confidentiality; (3) abuse of subpoena powers; (4) victim's trial testimony; (5) prosecutorial misconduct in closing and opening statements; and (6) failure to vacate or amend restraining order.  *Id.* Ineffective assistance of counsel, disproportionate sentence, and unconstitutional application of state statute, Colo. Rev. Stat. § 12-36-135, are also related to the claims Applicant raised in the motion for a new trial.  *Id.*

Finally, the CCA relies on Applicant's delay in filing the motion for new trial for over six

years after his conviction and three years after his conviction was affirmed in his first direct

appeal[1] for finding the new trial motion is a postconviction motion and on Colo. Rev. Stat. § 18-

1-410(1)(e) that defines a postconviction motion as follows:

> (1) Notwithstanding the fact that no review of a conviction of crime was sought
> by appeal within the time prescribed therefor, or that a judgment of conviction
> was affirmed upon appeal, every person convicted of a crime is entitled as a
> matter of right to make applications for postconviction review. Except as
> otherwise required by subsection (1.5) of this section, an application for
> postconviction review must, in good faith, allege one or more of the following
> grounds to justify a hearing thereon:
>
>> That there exists evidence of material facts, not theretofore
>> presented and heard, which, by the exercise of reasonable
>> diligence, could not have been known to or learned of by the
>> defendant or his attorney prior to the submission of the issues to
>
> the court or jury, and which requires vacation of the conviction or sentence in the
> interest of justice . . . .

In keeping with *People v. Rodriquez*, 914 P.2d 230, 249 (Colo. 1996), Colo. R. Crim. P.

35(c)(3)(VI) "prohibits not only claims previously decided on the merits, but also claims where

review would be nothing more than a second appeal addressing the same issues on some recently

contrived constitutional theory." *LeBerre v. Abbott*, 732 F.3d 1224, 1230 (10th Cir. 2013)

---

[1] "A motion for a new trial other than on the ground of newly discovered evidence shall be filed within 14 days after verdict or finding of guilt or within such additional time as the court may fix during the 14-day period. Colo. R. Crim. P. 33(c). Furthermore, "[a] motion based upon newly discovered evidence shall be filed as soon after entry of judgment as the facts supporting it become known to the defendant." The amicus curiae brief, which is the basis for the newly discovered evidence in the motion for new trial, was signed by the victim on February 4, 2006. *See Wallin*, No. 03CR2296, Flat File at 591. The CCA ordered the brief stricken on March 3, 2006. *Wallin,* No. 2011CR972 at 9.

Applicant did not file the motion for new trial until April 14, 2010, which was almost three years after Applicant's conviction was affirmed on appeal on July 12, 2007, and the case was remanded to the trial court for resentencing. *Id.* at 22. Applicant was resentenced on February 20, 2008, State Registry, No. 03CR2296, ECF No. 16-1, at 18, but did not file an appeal (untimely but allowed to file) until, at the latest, May 30, 2008, *id.* at 17, so the trial court had jurisdiction to consider a Rule 33 motion from February 20 to May 30, 2008. Applicant for certain had at least three months during which he was able to file a motion for new trial based on the alleged newly discovered evidence before he filed an appeal of his resentencing in May 2008 but did not do so.

(internal quotation marks omitted).  "In other words, [Rule 35(c)(3)(VI)] precludes claims raising new legal theories based on old facts."  *Id.*

The Court further notes that Applicant stated in the notice of appeal that he was appealing the denial of the motion for new trial and the motion to vacate (Rule 35(c) postconviction motion).  *See Wallin*, No. 03CR2296, Flat File at 922.  The CCA only addressed the April 8, 2011 denial of the Rule 35(c) postconviction by the trial court.  Application, ECF No. 1, at 46.  Nonetheless, nothing presented in the motion for new trial asserts a cognizable federal habeas claim or indicates that Applicant raised any of the constitutional claims that he now asserts in Claims Four through Seventeen or Twenty in this action.

The Court, therefore, finds that based on the above findings Applicant's motion for new trial was a postconviction motion.  The trial court did dismiss the Rule 35(c) postconviction as successive, and the CCA decision affirming the denial of Applicant's Rule 35(c) postconviction motion is based on adequate and independent state grounds.  Also, any claims asserted in the motion for new trial do not state a federal constitutional claim in support of the claims that Applicant has asserted in this action.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).  Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman*, 501 U.S. at 730.  A federal court may proceed to the merits of a procedurally defaulted habeas claim if the applicant establishes either cause for default and actual prejudice or fundamental miscarriage of justice when the merits of a claim are not reached.  *See Demarest v. Price*, 130

F.3d 922, 941 (10th Cir. 1997).  Applicant's *pro se* status does not exempt him from the requirement of demonstrating cause for the default and actual prejudice or failure as a result of the alleged violation of federal law or demonstrating that failure to consider the claims will result in a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Applicant must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]."  *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  Ineffective assistance of counsel may establish cause excusing a procedural default.  *Jackson*, 143 F.3d at 1319.  Applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."  *Murray*, 477 U.S. at 488-89.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  In order to demonstrate a fundamental miscarriage of justice, Applicant first must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  Id.

Applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Applicant asserts that because the CCA's ruling is different and not practiced in state courts, the ruling demonstrates a miscarriage of justice. Reply, ECF No. 24, at 3. Applicant also contends that the lower state court proceedings also are support for finding a miscarriage of justice. Because the Court has found that the CCA's findings were based on adequate and independent state ground for rejection of postconviction claims, Applicant argument is meritless.

Applicant has failed to demonstrate cause for the procedural because he has not shown that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. Applicant also has not demonstrated a fundamental miscarriage of justice. To the extent Applicant may argue that his ex-wife's amicus curiae brief is new reliable evidence that was disallowed by the CCA and not reviewed on the merits by the trial court, the evidence is not exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. Furthermore, there is no basis for finding that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.

Claims Four through Seventeen and Twenty, therefore, are procedurally defaulted in state court and will be dismissed as barred from federal habeas review.


5. Claims Eighteen and Twenty-One/Not Cognizable

A challenge to the state postconviction proceedings does not present a cognizable federal issue. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (a claim that focuses on postconviction remedy and not a judgment for basis of incarceration is not a cognizable federal constitutional claim in a federal habeas action); *Steele v. Young*,11 F.3d 1518, 1524 (10th Cir.

1993);  see also *Del Rantz v. Hartley*, 577 F. App'x 805, 807 (10th Cir. 2014).  Because Claims

Eighteen and Twenty-One challenge the state court's remedy and not the judgment, the claims

will be dismissed as not cognizable in this 28 U.S.C. § 2254 action.

## IV.  CONCLUSION

Accordingly, it is

ORDERED that Claims One, Three as it pertains to due process and double jeopardy,

Four through Seventeen and Twenty are dismissed as procedurally barred from federal habeas

review.  It is

FURTHER ORDERED that Claims Eighteen and Twenty-One are dismissed as not

cognizable in a federal habeas action.  It is

FURTHER ORDERED that within thirty days Respondents are directed to file an answer

in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully

addresses the merits of Claim Two, the remaining equal protection claim in Claim Three, and

Claim Nineteen.  It is

FURTHER ORDERED that within thirty days of the filing of an answer Applicant may

file a reply if he desires.  It is

FURTHER ORDERED that within thirty days from the date of this Order the

Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the

complete record of Applicant's state court proceedings in Case No. 03CR2296, including all

documents in the state court file and transcripts of all proceedings conducted in the state court,

but excluding any physical evidence (as opposed to documentary evidence) not relevant to the

asserted claims.  It is

FURTHER ORDERED that the Clerk of the Court is directed to send copies of this order

to the following:

    (1)      Clerk of the Court
                Arapahoe County District Court
                7325 S. Potomac St.
                Centennial, Colorado 80112; and

    (2)      Court Services Manager
                State Court Administrator's Office
                101 W. Colfax, Ste. 500
                Denver, Colorado  80202.

DATED this 30th day of March, 2015.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge

23