IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 14-cv-01968-MSK

OLOYEA D. WALLIN, a.k.a. DONALD OLOYEA WALLIN, a.k.a. OLOYEA WALLIN,

    Applicant,

v.

MICHAEL MILLER, Warden of Crowley County Correctional Facility, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

ORDER DENYING FED. R. CIV. P. 60(b) MOTION

---

    The matter before the Court is the "Motion for Relief of Judgement [sic] Pursuant to Fed. R. Civ. P. Rule 60(b)," ECF No. 44, that Applicant filed on August 24, 2015. The Court must construe the Motion liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. See Fed. R. Civ. P. 59(e). Because the Motion for Relief was filed more than twenty-eight days after the dismissal of this case, (case was dismissed on July 21, 2015), the Court will consider the Motion pursuant to Rule 60(b). *See Van Skiver*, 952 F.2d at 1243.

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Upon consideration of the Motion and the entire file, the Court finds that Applicant fails to demonstrate some reason why the Court should reconsider and vacate the July 21 Order of Dismissal. In the Motion, Applicant challenges the Court's dismissal of Claims One, Two, Three, and Nineteen.

First, Applicant contends that Claim One was not addressed by the Court, and, therefore, remains pending. The Court has reviewed the March 30, 2015 Order to Dismiss in Part, ECF No. 36. Claim One was dismissed as procedurally barred from federal habeas review. *Id.* at 22.

Second, Applicant asserts that the Court erred in finding *Miranda* did not apply to Claim Two. Applicant contends that his conversation with the police officer, which was not a recorded message but a conversation he had with the detective, was subject to a *Miranda* warning because his parole officer directed him to talk with the police officer and if he did not comply with the directive he would have been arrested. ECF No. 44 at 1-2.

Claim Two is presented in the Application as follows:

> Claim Two: Trial Court erred by admitting a recording of a telephone call which created a fundamental unfairness violating Wallin's 14th Amendment due process and *Miranda* protections.
>
> A.     Supporting Facts:
>
> The trial court erred by admitting recording of a telephone call that Wallin allegedly made to the police department upon direction from his parole officer under threats of parole violation. The parole officer knew the police officials had determined Wallin a suspect in the crime. At this time, no warrant was issued for Wallin's arrest, so the police officials instructed Wallin's parole officer to order Wallin to contact the police officials. Wallin called the police officials as directed by the parole officer and was questioned. No [*Miranda*] rights were given, and Wallin was not

> informed prior to the telephone call that he was a suspect in a crime. The improper admission of the telephone influence in determining the jury's verdict. Thus, Wallin's due process rights were violated, fair trial rights violated, and 5th [A]mendment rights violated by involuntary telephone statements.

ECF No. 1 at 9.

Based on the Court's second review of the trial record, specifically of the detective's description of the conversation between him and Applicant, and of the recorded message left by Applicant, which was the only tape played for the jury and at issue before the CCA, *see* Aug. 25, 2003 Prelim. Hr'g at 12 (Page 12 of CD Transcript); Jan. 15, 2004 Jury Trial at 13 and 15 (Pages 672 and 674 of CD Transcript); Criminal Case No. 03CR2296, People's Ex. 4; Pre-Answer Resp. ECF No. 16-4, Ex. C at 14, nothing Applicant asserts in the Rule 60(b) Motion supports a finding for extraordinary circumstances and reconsideration of the dismissal of Claim Two.

Third, Applicant reargues his claims regarding Claim Three. Applicant's due process and double jeopardy arguments as they pertain to Claim Three were dismissed in the March 30, 2015 Order as procedurally barred from federal habeas review. The remaining equal protection claim was addressed and dismissed on the merits in the July 21, 2015 Order. In the Rule 60(b) Motion, Applicant contends, in a conclusory and vague manner, that a "Colorado law cannot superceded [sic] or nullify a Constitutional right and here there is two constitutional rights being violated, double jeopardy and equal protection." ECF No. 44 at 2. Nothing in Applicant's argument supports an extraordinary circumstance that would justify reconsideration of the Court's reasoning for dismissing Claim Three.

Finally, Applicant contends that this Court erred in simply defaulting to the Colorado Court of Appeals' decision regarding Claim Nineteen. Applicant further contends that this Court also did the same thing in addressing Claims Two and Three. "Under the Antiterrorism, and

Effective Death Penalty Act (AEPDA) a federal court in a § 2254 proceeding must be exquisitely deferential to the state court's resolution of the defendant's claims." *Black v. Workman*, 682 F.3d 880, 891 (10th Cir. 2012).

> When a claim has been adjudicated on the merits in state court, a federal court can grant habeas relief on the claim only if the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

*Id.* at 892.  The determinations by this Court regarding Claims Two, Three, and Nineteen were in compliance with § 2254(d)(1) and (2).  Applicant's "independent review" argument does not support any extraordinary circumstance that would justify reconsideration of the dismissal of Claims Two, Three, and Nineteen.

The Court further finds that even if Applicant's Motion was considered to have been filed within the twenty-eight day requirement for filing a Rule 59(e) motion, given Applicant has been granted leave to reopen the time to appeal, for the same reasons stated above by the Court in addressing the Motion for Relief pursuant to Rule 60(b), a request for relief from judgment under Rule 59(e) would be denied.  Nothing Applicant asserts supports a finding that there is (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where a court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing Van Skiver, 952 F.2d at 1243).  The Court finds no misapprehension.  Accordingly, it is

ORDERED that the Motion for Relief of Judgment Pursuant to Fed. R. Civ. P. Rule 60(b), ECF No. 44, filed on August 24, 2015, is denied.

DATED this 2nd day of September, 2015.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge